IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS

_____

| | |
|---|---|
| DAIRUS MALSEN, on behalf of himself and all others similarly situated | ) ) ) |
| Plaintiff | ) ) ) |
| v. | ) ) ) |
| MUNICIPAL COLLECTION SERVICES, INC. | ) ) ) ) |
| Defendant. | ) JURY DEMAND |

_____

**COMPLAINT - CLASS ACTION**

**<u>INTRODUCTION</u>**

1. Plaintiff brings this action for damages, and other legal and equitable remedies, resulting from the illegal actions of Municipal Collection Services, Inc. (hereinafter referred to as "MCSI" or "Defendant") in contacting Plaintiff on Plaintiff's cellular telephone in an attempt to collect an alleged debt from Plaintiff in direct contravention to the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. (hereinafter referred to as the "TCPA"). The TCPA prohibits unsolicited voice calls to cellular telephones without prior express consent within the meaning of the TCPA.

2. "Consumer complaints about abuses of telephone technology - for example, computerized calls to private homes - prompted Congress to pass the Telephone Consumer Protection Act of 1991, 47 U.S.C. § 227 *et seq*. Congress determined that federal legislation was needed because telemarketers, by operating interstate, were escaping state-law prohibitions on intrusive nuisance calls." *Mims v. Arrow Financial Services, LLC*, 132 S. Ct. 740 (2012)(internal citations omitted). In an effort to enforce this fundamental federal right to privacy, Plaintiff files the instant class action complaint alleging violations of the TCPA.

3. Defendant has caused consumers actual harm, not only because consumers were subjected to the aggravation that necessarily accompanies these calls, but also because consumers frequently have to pay their cell phone service providers for the receipt of such calls and such calls are an intrusion upon seclusion, diminish cellular battery life, and waste data storage capacity.

## JURISDICTION AND VENUE

4. This Court has jurisdiction under 28 U.S.C. § 1331 (general federal question), § 1337, 47 U.S.C. § 227 (TCPA). Venue in this District is proper because Plaintiff resides here and Defendant transacts business here.

## PARTIES

5. Plaintiff Darius Malsen ("Malsen") is, and at all times mentioned herein was, an individual citizen of the State of Illinois, who resides in the district.

6. Defendant, MCSI, is an Illinois corporation that maintains its headquarters at 7330 W. College Dr., Palos Heights, IL 60463. MCSI provides collection services on debts owed to municipalities.

7. MCSI is engaged in the business of collecting municipal debts allegedly owed to others and regularly uses the telephone and United States mail for that purpose.

## THE TELEPHONE CONSUMER PROTECTION ACT OF 1991 (TCPA), 47 U.S.C. § 227

8. As noted above, in 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 (TCPA), in response to a growing number of consumer complaints regarding certain telemarketing practices.

9. The TCPA regulates, among other things, the use of prerecorded messages and use of automated telephone equipment, or "autodialers." Specifically, the plain language of

section 227(b)(1)(A)(iii) prohibits the use of prerecorded messages or autodialers to make any call to a wireless number in the absence of an emergency or the prior express consent of the called party.

10. According to findings by the Federal Communication Commission ("FCC"), the agency Congress vested with authority to issue regulations implementing the TCPA, such calls are prohibited because, as Congress found, automated or prerecorded telephone calls are a greater nuisance and invasion of privacy than live solicitation calls, and such calls can be costly and inconvenient. The FCC also recognized that wireless customers are charged for incoming calls whether they pay in advance or after the minutes are used.

11. On January 4, 2008, the FCC released a Declaratory Ruling wherein it confirmed that autodialed and prerecorded message calls to a wireless number by a creditor (or on behalf of a creditor) are permitted only if the calls are made with the Αprior express consent@ of the called party. The FCC Αemphasize[d] that prior express consent is deemed to be granted only if the wireless number was provided by the consumer to the creditor, and that such number was provided during the transaction that resulted in the debt owed.@

**FACTS RELATING TO PLAINTIFF DARIUS MALSEN**

12. At all times relevant, plaintiff Malsen was an individual residing in the State of Illinois. Malsen is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(10).

13. Defendant MCSI is, and at all times mentioned herein was, a corporation and a "person" as defined by 47 U.S.C. § 153(10).

14. Defendant MCSI has been attempting to collect an alleged debt owed by Plaintiff to a municipality.

3

15. Plaintiff did not provide consent for any municipality or MCSI to contact him on his cellular telephone using an automatic telephone dialing system or prerecorded voice.

16. Beginning in May 2013, Plaintiff received numerous voice messages on his cellular telephone from MCSI that were left using an artificial and/or pre-recorded voice.

17. Plaintiff subsequently sued MCSI for violations of the TCPA and revoked any consent for it to call his cellular telephone, to the extent that MCSI ever had consent.

## COUNT I - TCPA (CELLULAR CALLS)

18. Plaintiff incorporates the above factual allegations herein.

19. MCSI made unsolicited telephone calls to the wireless telephone number of plaintiff and the other members of the class with prerecorded or artificial voices.

20. These phone calls were made without the prior express consent of plaintiff or the class or were made after any such consent had been revoked.

21. MCSI has therefore violated the TCPA, 47 U.S.C. § 227(b)(1)(A)(iii), which makes it "unlawful for any person within the United States . . . to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice . . ." As a result of defendant's illegal conduct, the members of the class suffered actual damages and, under section 227(b)(3)(B), are each entitled to, *inter alia*, a minimum of $500.00 in damages for each such violation of the TCPA.

22. Plaintiff and class members are also entitled to and do seek injunctive relief prohibiting defendant's violation of the TCPA in the future.

## **CLASS ALLEGATIONS**

23. Plaintiff defines the class and sub-class, subject to amendment, as follows:

All persons in the United States (2) to whose cellular telephone number (3) MCSI placed a non-emergency telephone call (4) using an artificial or prerecorded voice (5) within 4 years of the complaint (6) where MCSI did not have express consent to call said cellular telephone.
Revocation Sub-Class

All persons in the United States (2) to whose cellular telephone number (3) MCSI placed a non-emergency telephone call (4) using an artificial or prerecorded voice (5) within 4 years of the complaint (6) who revoked any consent to call said cellular telephone.

24. Plaintiff represents and is a member of the Class. Excluded from the Class are Defendant and any entities in which Defendant has a controlling interest, Defendant's agents and employees, the Judge to whom this action is assigned and any member of the Judge's staff and immediate family, and claims for personal injury, wrongful death and/or emotional distress.

25. Plaintiff does not know the exact number of members in the Class, but based upon the nature of the message campaign to plaintiff, plaintiff reasonably believes that class members number at minimum in the hundreds if not thousands.

26. Plaintiff and all members of the class have been harmed by the acts of defendant.

27. This Class Action Complaint seeks money damages and injunctive relief.

28. The joinder of all class members is impracticable due to the size and relatively modest value of each individual claim. The disposition of the claims in a class action will provide substantial benefit the parties and the Court in avoiding a multiplicity of identical suits. The class can be identified easily through records maintained by MCSI.

29. There are questions of law and fact common to the members of the class, which common questions predominate over any questions that affect only individual class

members. Those common questions of law and fact include, but are not limited to, the following:

    a.    Whether MCSI engaged in a pattern of using automated equipment or prerecorded voices to place calls to cellular telephones;

    c.    Whether CPA thereby violated the TCPA;

30. As a person who received numerous and repeated telephone calls using an automatic telephone dialing system or an artificial or prerecorded voice, without their prior express consent within the meaning of the TCPA, plaintiff asserts claims that are typical of the members of the class. Plaintiff will fairly and adequately represent and protect the interests of the class, and have no interests which are antagonistic to any member of the class or sub-classes.

31. Plaintiff has retained counsel experienced in handling class action claims involving violations of federal and state consumer protection statutes such as the TCPA.

32. A class action is the superior method for the fair and efficient adjudication of this controversy. Class wide relief is essential to compel defendant to comply with the TCPA. The interest of class members in individually controlling the prosecution of separate claims against Defendant is small because the statutory damages in an individual action for violation of the TCPA are small. Management of these claims is likely to present significantly fewer difficulties than are presented in many class claims because the calls at issue are all automated and the class members, by definition, did not provide the prior express consent required under the statute to authorize calls to their cellular telephones.

33. Defendant has acted on grounds generally applicable to the class, thereby making final injunctive relief and corresponding declaratory relief with respect to the class as a whole appropriate. Moreover, Plaintiff alleges that the TCPA violations complained of herein are substantially likely to continue in the future if an injunction is not entered.

WHEREFORE, plaintiff requests that the Court enter judgment in favor of plaintiff, the class and sub-class and against defendant for:

A. Statutory damages pursuant to 47 U.S.C. § 227(b)(1);

B. Injunctive relief prohibiting such violations of the TCPA by Defendant in the future;

C. An award of attorneys' fees and costs to counsel for Plaintiff and the Class;

D. Such other relief as the Court deems just and proper.

Respectfully submitted,
Darius Malsen, Plaintiff

/s/ Keith J. Keogh
Attorney for Plaintiff

Keith J. Keogh
Timothy Sostrin
Katherine Bowen
Keogh Law, Ltd.
55 W. Monroe St., Suite 3390
Chicago, Illinois    60603
312.726.1092 (office)
312.726.1093 (fax)
Keith@KeoghLaw.com

## JURY DEMAND

Plaintiff demands trial by jury.

/s/ Keith J. Keogh

7